# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TRACI KENYON, *et al.*, | ) |
| --- | --- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) NO. CIV-17-0458-HE |
| | ) |
| GAGANDEEP SINGH *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiffs Traci and Tony Kenyon filed this action in state court against defendants Gagandeep Singh, Azad Singh, Amrik Singh, Wilshire Insurance Company ("Wilshire"), and IAT Insurance Group ("IAT"). The claims arise out of a 2016 traffic accident in Pottawatomie County, Oklahoma. Defendants removed the case to this court and plaintiffs have since filed amended complaints. The second amended complaint ("complaint") asserts negligence, negligent entrustment, and gross negligence claims.[1] Defendants Wilshire and IAT have filed a motion to dismiss the claims against them. [Doc. #31].

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other

---

[1] *Plaintiffs appear to assume "gross negligence" is a separate claim.*

words, the facts alleged in the complaint must allow the court to infer the defendant's liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

The complaint alleges that Wilshire and IAT are the liability insurers for the other defendants, who are alleged to be "motor carriers" for purposes of the claims at issue here. Wilshire and IAT argue for dismissal of the claims against them on the basis that the complaint does not allege a basis for a direct action. They correctly note that Oklahoma does not ordinarily authorize direct actions against an insurer. *See* Daigle v. Hamilton, 782 P.2d 1379, 1383 (Okla. 1989). However, that general rule is subject to the statutory exception set out in 47 Okla. Stat. § 230.30, which authorizes a direct action where the Oklahoma Corporation Commission has issued a license to the motor carrier involved and the carrier has filed a liability insurance policy with the Commission.[2] This court has

---

[2] *47 OKLA. STAT. § 230.30, provides in pertinent part:*

> *A. No license shall be issued by the Commission to any carrier until after the carrier shall have filed with the Commission a liability insurance policy or bond covering public liability and property damage ... and the liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any carrier for which the carrier is legally liable. A copy of the policy or bond shall be filed with the Commission, and, after judgment against the*

2

concluded that those conditions are not satisfied merely by showing registration via the Single State Registration System applicable to interstate carriers, but that a plaintiff must ultimately show the obtaining of a license from the Commission and the filing of the liability policy with it. Green v. ACE Am. Ins. Co., No. CIV-07-1377, 2008 WL 4372871 at *2-3 (W.D. Okla. Sept. 19, 2008).[3] So the question becomes whether the complaint sufficiently alleges these elements and hence a basis for a direct action against the moving defendants.

Wilshire and IAT argue that plaintiffs have not made, and cannot make, the necessary showing because the claimed grounds for the statutory exception are inconsistent with the carrier's filings elsewhere. They ask that the court decide the issue based on taking judicial notice of filings in other states. The court declines to do so and concludes it is premature to resolve here any factual issues that may exist. Rather, the question now is the sufficiency of the complaint's allegations.

The complaint alleges, on information and belief, that the motor carrier defendants "operate under licenses/permits with the Oklahoma Corporation Commission" and that they "did obtain and file proof of insurance with the OCC." These factual allegations are sufficient to state a basis for invoking the statutory exception and hence a basis for a direct

---

*carrier for any damage, the injured party may maintain an action upon the policy or bond to recover the same, and shall be a proper party to maintain such action.*

*[3] Plaintiffs argue the court should reconsider its view of the reach of the statute in light of contrary results reached by some Oklahoma trial courts. However, in the absence of more specific guidance from the Oklahoma appellate courts, the court is unpersuaded that its view as stated in Green is wrong.*

claim against Wilshire and IAT. If further proceedings establish that, in light of the filings elsewhere or otherwise, plaintiffs lacked a good faith basis for their "information and belief" allegations, that may have eventual consequences for plaintiffs. But that possibility does not warrant dismissal now, where the issue is the facial sufficiency of the facts pleaded in the complaint.

In any event, the complaint sufficiently alleges a basis for a direct claim against Wilshire and IAT based on 47 OKLA. STAT. §230.30. Their motion to dismiss [Doc. #31] is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of November, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE